IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00607-WYD-MEH

PAGE PENK,

    Plaintiff,

v.

ROXANNE HUBER, Director, Colorado Department of Revenue,

    Defendant.

## RECOMMENDATION FOR DISMISSAL
## AND FOR IMPOSITION OF CONDITIONS FOR FILING OF FURTHER LAWSUITS

### I. FACTUAL BACKGROUND

This is Plaintiff's fifteenth lawsuit in this District. Each lawsuit has been dismissed. The cases are summarized as an appendix to this Recommendation. In Civil Action No. 03-cv-01777-WDM, Plaintiff was warned that any additional groundless or vexatious complaint filed by the Plaintiff in this Court will result in the entry of an order enjoining him from filing further claims unless represented by an attorney of record or with the prior approval of a judge of this Court. The Court believes that not only does the present suit violate the warning, but Plaintiff's action in *Penk v. Brinker*, No. 06-cv-02521-WYD did likewise. *See Penk v. Brinker*, 2007 WL 1491291 (D. Colo. May 21, 2007). This current lawsuit should be dismissed, and Plaintiff should be enjoined from filing additional lawsuits absent certain conditions being fulfilled.

By way of background concerning Plaintiff's contact with the United States District Court, District of Colorado, his initial contact was on the criminal side, having received convictions for failing to comply with the lawful direction of a Federal Protective Service officer and creating a disturbance (*United States v. Penk*, 12 F. Supp.2d 1140 (D. Colo. 1998)). In *United States v. Penk*,

No. 98-cr-00286-RPM, he was found not guilty for arson by reason of insanity arising from his setting fire to a B-52 bomber at the former Lowry Air Force Base in Denver. Mr. Penk was released from Court supervision arising out of that action in an Order of Discharge dated January 5, 2006.

Now, for more than the past decade, Plaintiff has been filing as federal lawsuits general grievances he has against various persons or entities. He has filed numerous lawsuits, dismissing many of them voluntarily when confronted with an impending dismissal on the merits, sometimes seeing the case through to a final order of dismissal and then appealing to the Tenth Circuit, but then having the appeal dismissed for lack of prosecution or, sometimes, receiving an order affirming the district court's dismissal. Not a single case has been found to have merit. Indeed, as noted above, Plaintiff was warned several years ago that the filing of any further vexatious suit would result in a sanction in the form of an injunction on the filing of lawsuits. Although the Court does not doubt the sincerity of Plaintiff in believing that the persons he sues are treating him unfairly, he has inappropriately used the federal court system as a means to express his displeasure with those who do not agree with his viewpoint. This Court believes that justice requires this District to follow through with the warning to impose restrictions on his ability to file federal lawsuit.

In the present matter, Plaintiff filed an "Emergency Complaint" alleging that the Colorado Department of Revenue violated the First and Fourteenth Amendments of the United States Constitution by failing to approve a special automobile license plate that Plaintiff designed, which contains the message "PEACE IS POSSIBLE." Defendant has moved to dismiss the case. Plaintiff appears to make two claims: That the denial of his specialized plate violated his constitutional rights, and that the legislation and regulations governing the issuance of such plates are unconstitutional on their face. The Court will address both claims.

## II. ANALYSIS

A.    <u>Violation of Constitutional Rights</u>

The facts alleged by Defendant, and undisputed by Plaintiff (as confirmed by Plaintiff's Complaint), are that he submitted a proposed new license plate to the Colorado Secretary of State on February 16, 2007. On February 21, 2007, the Department of Revenue sent Plaintiff a letter enclosing a copy of the regulations under which Plaintiff could apply for a specialty plate and highlighting for him the application process portion of the regulation. The Department of Revenue also gave him a contact name and telephone number to assist him in the application process. This lawsuit followed.

Any claim for denial of Plaintiff's constitutional rights is legally frivolous. Plaintiff's demand for a specialty plate from the state government was followed immediately by an appropriate offer to assist Plaintiff in guiding him through the application process. There is no governmental action here that could possibly form the basis for a constitutional deprivation. When a government has not yet taken action on a matter and is not unreasonably delaying action, there is no ripe issue to satisfy the constitutional "case or controversy" requirement. *See, e.g.*, *Brandenfels v. Day*, 316 F.2d 375, 378 (D.C. Cir. 1963). The ripeness issue requires a court to evaluate "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Labs v. Gardner*, 387 U.S. 136, 149 (1967). The issue here is not fit for judicial determination, because the State of Colorado has not denied Plaintiff's request for a specialty plate. Although a Section 1983 constitutional claim does not have an exhaustion requirement, such a claim in the present context does require that an administrative action be final before it is judicially reviewable. *Bateman v. City of West Bountiful*, 89 F.3d 704, 707 (10th Cir. 1996). This "finality requirement seeks to ensure that the issues and the factual components of the dispute are sufficiently fleshed out to permit meaningful

3

judicial review." *Id.* Plaintiff cannot point to any manner in which the State of Colorado has discriminated against him or his views, because the State has not yet had the chance to do so. Until the government takes some action violating Plaintiff's rights, this "action is premature and not ripe for adjudication." *Garrick v. Weaver*, 888 F.2d 687, 694 (10th Cir. 1989).

B.  Facial Challenge

It appears that Plaintiff has named a proper party defendant to challenge the constitutionality of the specialty license plate scheme in Colorado, because the Department of Revenue is the agency charged with administering it. *Ex Parte Young*, 209 U.S. 123, 157 (1908) ("In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act . . ."). However, Plaintiff has failed to respond to the government's motion to dismiss on this issue, choosing instead to file a magazine article concerning an interview with a United States soldier who was stationed in Iraq in 2003, among other things. The Court believes that, on this basis alone, Plaintiff's facial challenge should be dismissed. "[Plaintiff] failed to respond to defendants' motion to dismiss, thus leaving unrebutted the presumption that a state statute is constitutional." *Dwire v. Toth*, 64 Fed. Appx. 668, *670, 2003 WL 1822692, *1 (10th Cir. 2003). Again, Plaintiff's lack of appreciation for the burdens that groundless legal claims place upon this Court (and upon governmental entities such as the Defendant, which expended time and money in drafting the Motion to Dismiss), support the need for injunctive relief concerning Plaintiff's future judicial filings.

In any event, relying on what Plaintiff provided in his Complaint, there is no basis for a finding of unconstitutionality here. In the Complaint, Plaintiff plainly states that he has "three reasons" why the statutory scheme is unconstitutional. The Court will rely on Plaintiff's characterization of his claims and will dig no deeper than the reasons he provides.

4

First, he claims that the law gives the Department of Revenue too much discretion in approving or denying plates. Under Colo. Rev. Stat. § 42-3-207, all currently existing specialty plates will be retired as of July 1, 2007, unless they are issued for at least 3,000 vehicles. Any new plates must first go through an application process with the Department of Revenue for the purpose of ensuring that there will be at least 3,000 such plates issued within one year after authorization of the plate. Once that process is completed, the proponent of such specialty license plate may seek authorization from Colorado's legislature through a bill or amendment to a bill. Thus, the Colorado legislature has final authority on approving any new specialty plates. During the application process, the Department of Revenue may deny a design only if it carries "connotations offensive to the average citizen or which could be misleading." Motion to Dismiss, at 3. The Department of Revenue has final approval of the design. Colo. Code Reg. 204-14(3.1A).

A governmental restriction on speech in a nonpublic forum will be upheld as long as the restriction is reasonable and viewpoint neutral. *Perry Educ. Ass'n v. Perry Local Educ. Ass'n*, 460 U.S. 37, 46 (1983). In *Perry v. McDonald*, 280 F.3d 159 (2d Cir. 2001), the court upheld a similar regulatory scheme in which the governmental agency was directed to reject any plates that "might be offensive or confusing to the general public." *Id.* at 163 n.1. In *Lewis v. Wilson*, 253 F.3d 1077 (8th Cir. 2001), the court struck a specialty plate scheme because it gave "unbridled discretion to the government officials entrusted to enforce the regulation." *Id.* at 1080; *see also City of Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750, 755-56 (1988) ("[i]n the area of free expression a licensing statute placing unbridled discretion in the hands of a government official or agency constitutes a prior restraint and may result in censorship. And these evils engender identifiable risks to free expression that can be effectively alleviated only through a facial challenge . . ."), *quoted in Doctor John's, Inc. v. City of Roy*, 465 F.3d 1150, 1162 n.9 (10th Cir. 2006). Unlike the statute in

*Lewis*, the statute here is more like *Perry*, in that the Department of Revenue does not have unbridled discretion; a government official may only reject a message that is offensive or misleading. Any other message must be approved as long as the numerical basis is met.[1] For this reason, the statutory and regulatory schemes are constitutional.

Second, Plaintiff contends that the scheme intentionally treats him differently than similarly situated persons, without an underlying rational basis. His bases for this objection are that he must present a proposal that will result in 3,000 plates being issued, and he must present such a proposal within one year. He alleges that the members of the legislature receive specialty plates without the numerical limitation. This is a frivolous argument, as such plates do not convey a message but rather designate the holder as an official of the government. He also argues that some groups ("Kids First" and the Denver Broncos) were given longer periods of time (three and four years, respectively) to submit the 3,000 unit proposal. He is wrong.

Colo. Rev. Stat. § 42-3-221 establishes a Denver Broncos license plate, regardless of the number of units. However, unless 3,000 units are actually issued by July 1, 2009, the plate shall be retired. Colo. Rev. Stat. § 42-3-224 also established a "Kids First" plate; however, the legislation states that the plate will not be issued *until* the Rocky Mountain Research and Prevention Institute obtains commitments for 3,000 plates on or before July 1, 2008. Under Colo. Code Reg. 204-14(3.1C), Plaintiff or anyone else seeking a specialty plate has unlimited time in collecting 3,000 names of persons who would purchase the plates, but once Plaintiff he submits 3,000 names to the Department, they are good for only two years, and if, during that two years, he fails to obtain a bill sponsor or final approval of the Colorado General Assembly, he must start over. While it is true that

---

[1] Plaintiff notes that the regulations state that "national symbols *shall be approved* at the discretion of the department." Colo. Code Reg. 204-14(3.1S) (emphasis added). However, Plaintiff does not even seek to use any sort of national symbol in his design.

Plaintiff has been treated differently than the Denver Broncos and the Kids First organizations, he is being treated similarly to any other person or organization, and he fails to provide a basis upon which this Court could find that the scheme violates the Equal Protection Clause.

Last, Plaintiff argues that he should not have to go through the application process with the Department of Revenue before he can petition the legislature for a specialty plate. The Court does not believe that this states a constitutional claim. The legislature could have given the Department of Revenue complete and final authority in issuing specialty license plates, as the State of Oklahoma did in *Hill v. Kemp*, 478 F.3d 1236, 1241 (10th Cir. 2007) (citing 47 Okla. St. Ann. § 1135.7). The fact that the Colorado legislature reserved some authority for final approval of any specialty plate affords Plaintiff even more access to the government than the Oklahoma law does.

C.   Jurisdictional Bar

One final, and perhaps dispositive, point not raised by Defendant is application of the Tax Injunction Act (TIA), 28 U.S.C. § 1341. This prohibits federal court interference with state revenue raising efforts unless state law fails to provide a plain, speedy, and efficient remedy in its courts. In *Hill v. Kemp*, *supra*, the court held that a First and Fourteenth Amendment challenge (through 42 U.S.C. § 1983) to Oklahoma's specialty license plate scheme was barred by the TIA. *Hill*, 478 F.3d at 1244. In a very lengthy and detailed analysis, the court found that the license plate scheme "falls within the ambit of the statutory phrase 'any tax under State law.'" *Id.* The same is true here. There is no principled difference between the Oklahoma scheme and the Colorado scheme. Finally, Colorado law provides avenues for aggrieved taxpayers to petition for redress, including the filing of an action in state court. Colo. Rev. Stat. § 29-2-106.1(b); *American Drug Store, Inc. v. City and County of Denver*, 831 P.2d 465 (Colo. 1992). Therefore, Plaintiff's action is jurisdictionally barred, regardless of its merits.

D.   <u>Injunction on Further Lawsuits</u>

The Court believes that the restrictions approved by the Tenth Circuit in *Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989), should be placed on Plaintiff due to his conduct in filing meritless lawsuits:

> A district court has the power to enjoin litigants who abuse the court system. *Tripati v. Beaman,* 878 F.2d 351 (10th Cir.1989). Groundless and vexatious litigation will justify an order enjoining a litigant from filing any claims without first seeking prior leave of court. *See Ketchum v. Cruz,* 961 F.2d 916, 921 (10th Cir.1992); *Winslow v. Romer,* 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming,* 726 F. Supp. 1216, 1221 (D. Colo.1989). Injunctions are proper where the litigant's extensive and abusive litigation history properly is set forth. *Tripati,* 878 F.2d at 353. Where a litigant's court access is restricted, guidelines must be set forth so that the litigant is aware of what must be done in order to obtain the court's permission to file an action. *Id.* at 354; *Rubins v. Roetker,* 737 F. Supp. 1140, 1145 (D. Colo. 1990), *aff'd,* 936 F.2d 583 (10th Cir.1991).

*Cromar v. Railey*, 1994 WL 724796, *3 (10th Cir. 1994).

The restrictions proposed by this Court are:

Any documents Mr. Penk wishes to submit for filing in this district shall be delivered to the Office of the Clerk, United States District Court, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294. As a requisite to filing a *pro se* complaint, Mr. Penk must file three documents:

>   (1) A petition titled, "Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action." Mr. Penk shall affix a copy of this order to the petition;
>
>   (2) An affidavit in proper legal form as directed below; and
>
>   (3) A copy of the complaint or claims sought to be filed in this district.

The Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action must contain the following information:

>   (1) a statement advising the court whether any defendant to the lawsuit was a party, or was any way involved in, any prior lawsuit involving Mr. Penk, and, if so, in what capacity;
>
>   (2) a list of all lawsuits in the United States District Court for the District of Colorado, the United States Court of Appeal for the Tenth Circuit, the United States Supreme Court, as well as any state courts in which Mr. Penk was or is a party; the name and citation of each case, if applicable, including jurisdiction; his involvement in each lawsuit; the status of each

lawsuit; and the disposition;

 (3) a list of all federal or state cases in which a judgment was rendered against Mr. Penk, if any; the name and citation of each case; the amount of judgment rendered against him, if any; the amount of the judgment that remains outstanding; and the reasons why the judgment remains outstanding;

 (4) a list of all federal or state cases in which a judgment was rendered in favor of Mr. Penk, if any; the name and citation of each case; the amount of judgment rendered in favor of him, if any; the amount of the judgment that remains outstanding; and the reasons why the judgment remains outstanding.

The affidavit shall be in proper legal form, with appropriate jurat and notarization, and is to contain the following recitals:

 (1) that the complaint or claims Mr. Penk wishes to present never before have been raised by him and disposed of by any federal or state court;

 (2) that to the best of his knowledge the claim or claims are not frivolous or taken in bad faith; that the claim or claims are well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; that the lawsuit is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *See* Fed.R.Civ.P. 11; and

 (3) that the claim or claims are not meant to harass any individual or entity.

The complaint or claims sought to be filed in this district must comply with this order, Fed. R. Civ. P. 8, all other provisions contained in the Federal Rules of Civil Procedure, and the United States District Court for the District of Colorado Local Rules of Practice (the "Local Rules of Practice").

The procedure for review of Mr. Penk's intended filings should be as follows:

Whenever Mr. Penk submits a petition for leave to file a *pro se* action pursuant to this Court Order, the Clerk of the Court, or designated deputies, will accept the documents, mark them received, and immediately forward them to a United States Magistrate Judge.

The Magistrate Judge shall recommend approval or disapproval of the petition. The Magistrate Judge shall consider the following:

 (1) whether Mr. Penk has complied with this order in all particulars;

 (2) whether Mr. Penk's complaint complies with the Federal Rules of Civil Procedure and Local Rules of Practice;

 (3) whether the complaint is frivolous, abusive, harassing, or malicious;

      (4) whether the claims raised in Mr. Penk's complaint have been raised by him and disposed of by any federal or state court;

      (5) whether there has been full compliance with Fed. R. Civ. P. 11, and all pleadings and filings are not violative of 28 U.S.C. § 1927;

      (6) whether the complaint alleges claims against individuals or entities that may have immunity from suit; and

      (7) such other reasonable requirements established by the court or the Magistrate Judge.

The Magistrate Judge shall not otherwise address the merits of the complaint. The Magistrate Judge shall submit proposed findings and a recommendation as to disposition of the petition to the Chief District Judge of the United States District Court for the District of Colorado, or his designees. Copies of proposed findings and recommendations shall be mailed to the petitioner and all interested parties. These individuals shall have ten days after service of the proposed findings and recommendations to serve and file written, specific objections to them. If no such objections are filed in a timely manner, the Magistrate Judge's proposed findings and recommendations may be accepted by the Chief Judge or his designees and appropriate orders entered without further notice.

Failure to comply with the procedures and principles mandated by this order shall be sufficient grounds for denying the petition for leave to file.

The Magistrate Judge may recommend disapproval of the petition upon false recitals in the filings. Upon false recitals in the filings, Mr. Penk may be considered in violation of this order, and he may be subject to other orders of the Court, including appropriate sanctions. The provisions contained in Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 are incorporated into this order.

At the discretion of the Chief Judge or his designee, the filings may be presented directly to a district judge who shall pass on the petition, following procedures set forth herein.

If the Court enters an order granting the petition, the Clerk of the Court shall cause the complaint and materials to be filed as of the date of the order. The assignment of the case shall be pursuant to the Local Rules of Practice.

All filings in the matter shall be in strict conformity with the Federal Rules of Civil Procedure and the Local Rules of Practice. This Order shall not interfere in any way with pending actions, orders, or judgments of any federal court involving Mr. Penk.

(Taken from *Ketchum v. Cruz*, 775 F. Supp. 1399, 1406-08 (D. Colo. 1991), *aff'd*, 961 F.2d 916, 921 (10th Cir.1992)).

## III. CONCLUSION

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss [Filed June 11, 2007; Docket #11] be **granted**; that this matter be **dismissed with prejudice**; and that Plaintiff be enjoined from filing future lawsuits in this District, under the conditions set forth above. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[2]

Dated at Denver, Colorado this 17th day of September, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[2] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## RECOMMENDATION FOR DISMISSAL: APPENDIX A

Cases filed by Page Penk in the District of Colorado

1. *Penk v. Pieper*, Civil Action No. 92-cv-01875-SGF (D. Colo. Nov. 19, 1992). *Pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Aurora Police Officer Pieper and Aurora Police Chief Verne St. Vincent for damages and other relief. Mr. Penk alleged that his First Amendment rights were violated when, after "mak[ing] a political statement in the form of a hand gesture" toward the Presidential motorcade as it passed by and entered into Buckley Air Force Base, Mr. Penk was ordered by Officer Pieper to go back to his vehicle; Mr. Penk refused, and was arrested for disorderly conduct and failure to obey a lawful order. The case was **voluntarily dismissed by Mr. Penk** after he was unable to secure legal representation.

2. *Penk v. City of Aurora*, Civil Action No. 94-cv-02117-DBS (D. Colo. Apr. 21, 1995). *Pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the City of Aurora and various officials including the City Council and the Mayor, Paul Tauer for $3,000,000 in damages and other relief. Mr. Penk alleged eleven counts of constitutional and other violations stemming from the City's refusal to allow Mr. Penk to file a "citizen's complaint" against Officer Pieper based on the allegations in the *Penk v. Pieper* matter. Not long after Mr. Penk secured legal representation, **the case was dismissed on stipulation of the parties**.

3. *Penk v. Webb*, Civil Action No. 96-cv-01636-DBS (D. Colo. Jul. 24, 1996). *Pro se* civil rights motion for temporary restraining order and preliminary injunction, and complaint pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act against the City of Denver and its Mayor, Wellington Webb. Mr. Penk alleged that the City refused to issue a permit for access to, and the placement of a table and chair on, a street corner on the 16th Street Mall at which to petition for redress of grievances of Mr. Penk's Children's Peace Memorial Project. The Court, after an evidentiary hearing, **dismissed the case with prejudice saying that there was no evidence of First Amendment or ADA violations**, and that **Mr. Penk "wholly failed to present evidence of irreparable injury."**

    **Appeal**: *Penk v. Sparr*, No. 96-519 (10th Cir. Jul. 17, 1996). After receiving notice that a hearing on the TRO would take place sixteen days after the Complaint was docketed, Mr. Penk petitioned the Tenth Circuit Court of Appeals for a writ of mandamus directing that "any available judge" at the District Court execute the TRO or hold a hearing "without delay." The **petition was denied**.

4. *Penk v. Stein*, Civil Action No. 97-cv-01049-CAB (D. Colo. Jul. 11, 1997). *Pro se* motion for temporary restraining order against Paul Stein, Superintendent of the U.S. Air Force Academy. After Mr. Penk **failed to effectuate service** in contravention of the Court's order and the Court entered an Order to Show Cause, **Mr. Penk moved to dismiss the action**. The motion was granted and the case was terminated.

5. *Penk v. Cohen*, Civil Action No. 97-cv-01156-WDM (D. Colo. Jul. 14, 1997). *Pro se* motion

for temporary restraining order and complaint alleging the Defendant William Cohen, Secretary of Defense, had committed crimes against humanity (landmine production and distribution), and asking for relief in the form of an order requiring Secretary Cohen to follow Executive Order 13045. The Court denied the Motion, as well as a subsequent Amended Motion and a Motion to Reconsider, for Mr. Penk's failure to comply with Fed. R. Civ. P. 65(b). **Mr. Penk then moved to dismiss the action, for which no service had been effected**. The Court granted the motion and the case was terminated.

6. *Penk v. Cohen*, Civil Action No. 97-cv-01652-LTB (D. Colo. Oct. 3, 1997). *Pro se* "petition and emergency motion for mandamus" against Secretary Cohen, based upon the same allegations and same request for relief in 97-cv-1156. The Court issued an Order to Show Cause, and Defendants filed a Motion to Dismiss asserting that **Mr. Penk had no standing to bring his request**. The District Court agreed, and dismissed the action with prejudice.

    **Appeal**: *Penk v. Cohen*, No. 97-1422 (10th Cir. Apr. 16, 1998), **affirmed**.

    **Mandamus**: *In re Page Penk*, No. 97-1474, **dismissed**.

7. *Penk v. Clinton*, Civil Action No. 97-cv-02616-LTB (D. Colo. Jan. 13, 1998). *Pro se* "emergency" motion for temporary restraining order enjoining President Clinton from commencing nuclear war without the consent of Congress. The District Court denied the Motion for TRO saying that **Mr. Penk failed to show a substantial likelihood of success on the merits**, and denied the motion for a three-judge panel for failure to comply with 28 U.S.C. § 2284. After the Court denied Mr. Penk's motion for reconsideration on the TRO motion, Mr. Penk filed a Motion for Leave to Proceed on Appeal. The motion was denied saying **Mr. Penk "has not shown the existence of a reasoned, nonfrivolous argument**."

    **Appeal**: *Penk v. Clinton*, No. 98-1217 (10th Cir. Oct. 2, 1998) **dismissed** appeal because the order (denying TRO) being appealed was not final or otherwise immediately appealable.

    **Petition for Cert.**: **denied** Oct. 5, 1998.

8. *Penk v. Peters*, Civil Action No. 98-cv-00748-WDM (D. Colo. Aug. 3, 1998). *Pro se* motion for temporary restraining order and complaint against the Acting Secretary of the U.S. Air Force requesting that the public law creating the U.S. Air Force be found unconstitutional and that all nuclear weapons be removed from the control of the Air Force. The motion for TRO was denied for failure to comply with the rules. After Mr. Penk filed an "emergency motion for TRO ruling and amended complaint," **the Court struck the complaint for failure to comply with the rules, and denied the motion for failure to show an irreparable injury**. After Mr. Penk failed to meaningfully respond to an order to show cause, the Court **dismissed the action for lack of standing**.

    **Appeal**: *Penk v. Walker Miller*, No. 98-517, mandamus action, **dismissed**.

9.  *Penk v. Clinton*, Civil Action No. 00-cv-00244-WDM (D. Colo. Jun. 6, 2000). *Pro se* action filed against President Clinton asserting virtually the same allegations as in 97-cv-02616, except under a more recent legislative act. Upon recommendation by the magistrate judge to grant the defendant's motion to dismiss for lack of standing and failure to state a claim, **Mr. Penk voluntarily "withdrew" the case**, and the Court dismissed the action without prejudice.

10. *Penk v. Clinton*, Civil Action No. 00-cv-00581-WDM (D. Colo. Feb. 5, 2001). *Pro se* complaint and "emergency motion to prevent destruction of evidence in large scale Fourth Amendment violation" against President Clinton, alleging the President undertook an unreasonable search and seizure when he authorized the use of a high-technology camera to search for a missing jet and pilot near Vail, Colorado without permission of a judge. The Court denied the motion and adopted the magistrate's recommendation to **dismiss the complaint based on the absolute immunity of the President, and awarded costs to defendant**.

    **Appeal**: *Penk v. Clinton*, No. 01-1011 (10th Cir. Sep. 21, 2001); **dismissed** for lack of prosecution.

    **Mandamus**: No. 00-1113, **dismissed**.

11. *Penk v. Rumsfeld*, Civil Action No. 01-cv-02014-WDM (D. Colo. Nov. 7, 2001). *Pro se* "emergency complaint and motion for mandamus" against Secretary of Defense Donald Rumsfeld for failing to report "work" concerning the use of non-lethal weapons, and that such reports were required by statute and executive order. Because neither the (improperly cited) statute nor the executive order created a cause of action in favor of Mr. Penk, the Court **dismissed the complaint** for failing to comply with the requirements of a request for mandamus, and thus, for **lack of subject matter jurisdiction**.

    **Appeal**: *Penk v. Rumsfeld*, No. 02-1005 (10th Cir. May 24, 2002), **affirmed**.

    **Petition for Cert.**: No. 02-5260, **denied** Oct. 7, 2002.

12. *Penk v. Hinsvark*, et al., Civil Action No. 02-cv-01345-WDM (D. Colo. Sep. 9, 2002). *Pro se* action pursuant to 42 U.S.C. § 1983 against City of Denver employees, for "unspecified damages for the loss of my civil rights." Mr. Penk alleged that defendants unlawfully had him removed from a public City building and refused to address his request for documents under the Open Records Act. After serving the Complaint upon defendants, **Mr. Penk filed an "emergency motion for dismissal" saying "I brought this action in order to write about events that have had a profound effect on me, so as to then leave them behind and get on with my life** . . .." The Court granted the motion and terminated the case.

13. *Penk v. Suthers*, Civil Action No. 03-cv-01777-WDM (D. Colo. Nov. 3, 2003). *Pro se* action pursuant to 15 U.S.C. § 4 to "stop a conspiracy in restraint of trade in the World Trade

      Center memorial design competition" against U.S. Attorney John Suthers. The Court **dismissed the action for lack of subject matter jurisdiction and warned Mr. Penk** that "further groundless or vexations complaints . . . in this court will result in the entry of an order enjoining him from filing further claims unless represented by an attorney of record or with the prior approval of a judge of this court."

14. *Penk v. Brinker*, Civil Action No. 06-cv-02521-WYD-MEH (D. Colo. May 21, 2007). *Pro se* action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act against the President of the Colorado State Board of Land Commissioners, requesting an injunction against the proposed development of the former Lowry Air Force Base property, a clean-up of unexploded ordnance both at Lowry and in Vietnam, and fair competition in the development of Lowry. Mr. Penk alleged that defendant failed to consider persons with mental disabilities in violation of the ADA, and that defendant violated his free speech rights during a public meeting when Mr. Penk didn't have time to speak before he had to leave for work. The Court **dismissed the claims with prejudice for failure to state a claim**.