IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00607-WYD-MEH

PAGE PENK,

    Plaintiff,

v.

ROXANNE HUBER, Director, Colorado Department of Revenue,

    Defendant.

_____

**ORDER ON MOTION FOR PROTECTIVE ORDER**
_____

Before the Court is nonparties Colorado Governor Bill Ritter, Jr.'s and Colorado First Lady Jeannie Ritter's Motion for Protective Order [Docket #22]. The matter has been referred to this Court for resolution [Docket #23]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion for Protective Order.

The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Plaintiff initially sought to personally serve the Governor and First Lady with subpoenas, and at the hearing held August 9, 2007, the Court reminded Plaintiff that he cannot personally serve pleadings and papers in this case because he is a party to the lawsuit. *See* Fed. R. Civ. P. 45. The Court granted the instant motion in part and required Plaintiff to serve any subpoenas on counsel, provided the Governor and First Lady agreed not to assert any defense based on improper service.

Still pending before this Court is whether Plaintiff should be prohibited "from seeking discovery from the Governor or First Lady until he first makes a proper showing to this Court for the need for such discovery." Motion at 1. These nonparties have not directed the Court to any authority that would require this standard. While some courts have required a plaintiff to show specific need before deposing a state governor, *see Sweeney v. Bond*, 669 F.2d 542, 547 (8th Cir. 1982); *Monti v. State*, 563 A.2d 629 (Vt. 1989), these courts have not applied this standard to document discovery. In fact, the Tenth Circuit Court of Appeals noted the distinction between taking the Governor's deposition and serving written interrogatories. *Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979).

Here, the only basis asserted for this level of protection are Plaintiff's attempts to serve the Governor and First Lady, which have already been addressed. Without a showing by the party seeking protection that the information sought is irrelevant, the Court knows of no authority to switch the burden to the Plaintiff to first show the need for written discovery before he can serve a subpoena. *See Monti*, 563 A.2d at 632 (noting that "less onerous discovery procedures" including written interrogatories are available in place of an oral deposition). Nevertheless, the Court has also recommended that this case be dismissed as frivolous, and the Governor and First Lady should not be subject to the burden of discovery at this time. Thus, the Court will stay all discovery against the Governor and First Lady while the Recommendation on Defendant's Motion to Dismiss is pending.

Accordingly, for the reasons stated above, it is hereby ORDERED that Colorado Governor Bill Ritter, Jr.'s and Colorado First Lady Jeannie Ritter's Motion for Protective Order [<u>Filed August 8, 2007; Docket #22</u>] is **granted** as specified herein.

Dated at Denver, Colorado, this 18th day of September, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge
